IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00866–KMT

AUSTIN BENSON,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion for Summary Judgment Pursuant to F.R.C.P. 56." ("Motion," [Doc. No. 84].) Defendant has responded in opposition to the Motion, and Plaintiff has replied. ("Response," [Doc. No. 88]; "Reply," [Doc. No. 93].)

### STATEMENT OF THE CASE

On April 2, 2015, Plaintiff Austin Benson was involved in a single-vehicle car accident, which was caused by the actions of a passenger in the car. (Mot. 4 at Undisputed Fact ("UF") ¶ 1; Resp. 5.) Plaintiff reportedly suffered various injuries as a result of the accident. ("Complaint," [Doc. No. 4] at ¶ 9.) After settling the liability portion of his claim against the at-fault party for the maximum limits of that individual's insurance policy, Plaintiff now seeks damages under his own underinsured motorist ("UIM") coverage from Defendant Allstate Fire and Casualty Insurance Company ("Allstate"). (*Id.* at 3-8 ¶¶ 11-67.) In his Complaint, Plaintiff asserts the following causes of action: (1) unreasonable delay and denial of insurance benefits,

pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116; (2) declaratory judgment regarding entitlement to insurance benefits; and (3) bad faith breach of an insurance contract. (*Id.*)

The record shows that Defendant relied, at least in part, on a report from Mitchell Decision Point ("MDP"), a software program used by Allstate adjusters as part of their valuation process, to evaluate Plaintiff's UIM claim. (Mot. 5-6 at UF 9; Resp. 5.) MDP is said to provide a recommended value concerning the appropriate reimbursement rate for medical treatment deemed reasonable and necessary for a claimant, among other things. (Resp. 1.) Allstate contends that its adjusters are not required to use the MDP reimbursement rate as the correct and reasonable value of a claimant's medical treatments. (*Id.* at 2.) According to Defendant, its adjusters may, instead, "consider a number of other factors unique to each individual claim and other relevant information in reaching their claim valuation." (*Id.*) In making that argument, Defendant points to evidence that its adjuster's computation of value here was greater than the MDP valuation. (Resp. 2, 20, Ex. C at 101:13-21.)

As part of discovery, Plaintiff submitted Interrogatories directed at learning how the MDP software is programmed for Allstate, how it works, and from what underlying information the master database is compiled. (*See* Mot. Ex. 4.) Allstate refused to provide the information, claiming that it was not relevant to this lawsuit, because MDP "is simply an aid in assessing the reasonableness of medical bills[,] . . . [and] is merely one factor among many that the adjuster considers in deciding amounts to offer." (*Id.* at 15-16 ¶ 14.) Allstate also argued that the discovery request was "not proportional to the needs of the case." (*Id.* at 16 ¶14.) In addition, Defendant argued that its compliance with the discovery request would potentially violate the

2

confidentiality provisions of its licensing contract with the entity that owns MDP.[1]  (*Id*.)  To date, Allstate has not disclosed the information sought by Plaintiff.  (Mot. 16.)

Plaintiff now moves for summary judgment on all claims, contending that "the undisputed evidence shows that Allstate failed to consider the required bill amount of medical expenses in evaluating Plaintiff's claim, as required by Colorado law."  (Mot. 1.)  Plaintiff contends, specifically, that Allstate's reliance on the MDP program to value his UIM claim was "unreasonable on its face," because it was "in direct contravention of Colorado law which mandates that an insured in this situation is entitled to the billed amounts for medical bills."[2]  (*Id.* at 1-2, 19.)  Plaintiff is adamant that "the use of MDP is, *per se*, a violation of [Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116] as well as a breach of the insurance contract."  (*Id.* at 2.)

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial

---

[1] In its Response, Allstate references MDP's use of Medicare guidelines concerning reasonable costs of medical care, which has apparently been learned through discovery in other cases. (*See* Resp. 2.)  This information, however, was not generated in this case, and therefore, the court will not rely on representations of counsel for either side concerning the manner or functioning of MDP.  In this case, the Allstate adjuster testified that she used the MDP program, in addition to other evaluative tools, including her own experience, to determine the value of Plaintiff's claim. (Mot. Ex. 3 at 95:14-97:2.)  The adjuster conceded that she did not know how the MDP software worked, or what data the program used, to make its evaluation recommendations.  (*Id.* at 99:23-100:6; 116:15-120:1.)

[2] Plaintiff also argues that Allstate's adjusters failed to follow their own standards and procedures, failed to conduct a proper liability investigation, and failed to adequately document the claim file. (Mot. 2, 19.)  Based on the summary judgment record, there appear to be disputed material facts precluding summary judgment on these claims. Therefore, summary judgment is inappropriate outside the one issue regarding use of MDP.

burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325.  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead, must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).

"A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).  Whether there is a genuine dispute as to a material fact depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury," or conversely, whether the evidence "is so one-sided that one party must prevail as a matter of law." *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (quoting *Anderson*, 477 U.S. at 251-52).  A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson*, 477 U.S. at 248).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In evaluating a motion for summary judgment, a court may consider admissible evidence only. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. However, this standard does not require the court to make unreasonable inferences in favor of the non-moving party. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008). The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994).

## ANALYSIS

Plaintiff asserts a claim for breach of an insurance contract, as well as a claim for unreasonable delay or denial of insurance benefits, which is a statutory penalty under §§ 10-3-1115 and 10-3-1116 of the Colorado Revised Statutes. (Compl. 3-9 ¶¶ 11-54, 61-67.) Plaintiff alleges, specifically, that Defendant acted unreasonably by delaying the investigation of his UIM claim, by "refus[ing] to explain the basis of [its] valuation" of the claim, and ultimately, by denying the payment of benefits. (*Id.* at 6 ¶¶ 49-52, 7 ¶¶ 63-64.) Plaintiff argues that Defendant's use of MDP software to evaluate his claim amounted to a *per se* violation of the statutory bad faith provisions, as well as a *per se* breach of contract. (Mot. 2.)

Under Colorado law, the required elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) damages suffered by the plaintiff as a result of the defendant's breach. *W. Distrib. Co. v. Diodosio,* 841 P.2d 1053, 1058 (Colo. 1992).

To prevail on a statutory bad faith claim, a plaintiff need only prove that a benefit to which he was entitled under an insurance policy was unreasonably delayed or denied. *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018) (quoting *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012)); *see* C.R.S. § 10-3-1115(1)(a) ("[A] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."). If the statutory requirement is met, a plaintiff is entitled to receive a penalty payment of two times the benefit (in addition to the benefit itself), plus reasonable attorney's fees and costs. C.R.S. § 10-3-1116(1); *see Vaccaro*, 275 P.3d at 756 (noting that, because of the lesser liability burden and the onerous penalty provision, a statutory bad faith claim is "arguably . . . more financially threatening to the insurer than a traditional common law bad faith claim").

The gravamen of Plaintiff's argument—that the use of MDP is *per se* unreasonable—is rooted in Colorado's collateral source rule. Under that rule, "compensation or indemnity received by an injured party from a collateral source, wholly independent of the wrongdoer and to which the wrongdoer has not contributed, will not diminish the damages otherwise recoverable [by the injured party] from the wrongdoer." *Forfar v. Wal-Mart Stores, Inc.*, 436 P.3d 580, 583 (Colo. App. 2018) (quoting *Colo. Permanente Med. Grp., P.C. v. Evans*, 926 P.2d 1218, 1230 (Colo. 1996)); *see also* Colo. Rev. Stat. § 10-1-135(10)(a). This is because "making the injured plaintiff whole is solely the tortfeasor's responsibility. Any collateral benefits obtained by the injured plaintiff accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability." *Volunteers of Am. Colo. Branch v. Gardenswartz*, 242 P.3d 1080, 1083 (Colo. 2010). Indeed, a tortfeasor cannot be allowed to receive a windfall, by

6

way of a reduction of legitimately owed damages, simply because the victim had the prudence to arrange for protection against wrongdoing by others.

Generally, "the correct measure of damages is the necessary and reasonable value of the [medical] services rendered, rather than the amount . . . paid for such services," although amounts paid can give "some evidence" of reasonable value. *Kendall v. Hargrave*, 349 P.2d 993, 994 (Colo. 1960); *Rooney v. Allstate Fire & Cas. Ins. Co.*, No. 17-CV-03132-STV, 2019 WL 1897651, *2 (D. Colo. Apr. 29, 2019). "Amounts paid" evidence is inadmissible in a collateral source case, including for determining reasonable value of medical services, only because of the "unjustifiable risk that the jury will infer the existence of a collateral source— most commonly an insurer—from the evidence, and thereby improperly diminish the plaintiff's damages award." *Wal-Mart Stores, Inc. v. Crossgrove*, 276 P.3d 562, 567 (Colo. 2012); *see Kendall*, 349 P.2d at 994; *Forfar*, 436 P.3d at 583. However, the fact that certain evidence may be inadmissible at trial does not necessarily render that evidence irrelevant in other contexts, such as its use by an insurer to attempt to determine the reasonable value of an insured's claimed medical expenses.

In this case, clearly, disputed issues of material fact exist with respect to the assessment of Allstate's claims practices during its adjustment of Plaintiff's UIM claim. Most centrally, there are disputed issues of material fact as to whether Allstate's decision to deny the claim was, as Plaintiff contends, a decision based on software about which the insurer provided no substantive discovery, or as Defendant contends, a decision reached by a fair review of the entire claims file. Plaintiff has provided no evidence from which the court could conclude that the use of MDP software as part of the evaluation process engaged in by Allstate adjusters is *per se*

unreasonable, especially given the testimonial evidence that use of MDP was only a part of the overall process. Moreover, the issue of reasonableness, whether in a bad faith context or not, is a mixed question of law and fact that is, by its very nature, almost always a normative judgment to be made by fact-finders. *See Vaccaro*, 275 P.3d at 759 ("What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury.").

Ultimately, the jury must determine whether Allstate's methodology for evaluating Plaintiff's injuries and required medical care was reasonable, including its use of the MDP software program. This central factual dispute cannot be resolved on summary judgment.

Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Summary Judgment Pursuant to F.R.C.P. 56" [Doc. No. 84] is **DENIED**.

Dated January 27, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge